FRANK M. CORY, Appellee, v. C. B. STULL, Appellant, et al.

No. 45737.

DECEMBER 9, 1941.

REHEARING DENIED MARCH 20, 1942.

L. S. Forrest, for appellee.

C. B. Stull, for appellant.

SAGER, J.—Both parties having appealed plaintiff will be designated appellee and C. B. Stull, defendant, as the sole appellant, the other parties named having no substantial interest in the controversy.

On September 19, 1922, appellee signed a note with one Bream, payable to Northwestern Bankers Finance Company a year later. The payee was the trade name of one Blum. On September 8, 1923, a judgment was rendered on this note in the municipal court of Des Moines and transcripted to the district court of Polk County on September 18, 1923. In the district court appellant filed a claim for attorney's lien in the amount of $250. Appellee says he knew nothing of either the judgment or the attorney's lien. He continued to make payment to Blum until the note was fully paid but for some reason the note was never surrendered.

It is appellee's claim that he first learned of the judgment when an execution was levied on October 24, 1940, under which $79 of his money was attached by garnishment in the bank in which it was on deposit. Other executions were issued which caused him trouble, embarrassment and expense. For this, as well as the $79, he asks recovery.

Appellant responds with the contention that notice of attorney's lien on the district court docket was the equivalent of an assignment pro tanto of the judgment and as a consequence he had an existing claim. Appellee argues and rightfully so that appellant, if he once had a claim, not having reduced it to a judgment within the statutory period, is now barred from asserting it by the statute of limitations. See Larned v. City of Dubuque, 86 Iowa 166, 53 N. W. 105. The doctrine there laid down has not been overruled or modified and the cause before us affords no reason for doing it now. In addition to this appellant failed to prove the value of the services for which he claims the lien. It follows that appellant's appeal is without merit.

Turning to appellee's cross appeal, he complains that the court erred in awarding him judgment for only $27 instead of $79. Apparently the $27 was determined by applying approximately $50 of the amount attached by garnishment to pay court costs including statutory attorney fees. The statute of

limitations had not run against such items. The action of the court was right.

Appellee's motion to dismiss appellant's appeal might well have been sustained for failure to serve notice of appeal on the administrator of Blum, the owner of the judgment, but having had to resort to rather a confused record to see just what the situation was, we concluded to decide the case on its merits.

Accordingly, the cause is affirmed on both appeals.—Affirmed.

CHIEF JUSTICE and all JUSTICES concur.